IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 06-0554-CG-C |
| ) | |
| MARY FORD JACKSON, ) | |
| ) | |
| Defendant. | |

## ORDER

This matter is before the court on plaintiff's motion for summary judgment (Doc. 24), defendant's opposition thereto (Doc. 26, 27, 28), plaintiff's motion to strike (Doc. 29), and plaintiff's reply (Doc. 30). The court finds defendant did not timely or properly disclose the opinion of the Lisman Fire Department as an expert opinion to be used in this case. Defendant has not shown that this failure to disclose was somehow justified or harmless and, therefore, plaintiff's motion to strike is due to be **GRANTED** to the extent the Fire Department's report is proffered as an expert opinion regarding the cause and origin of the fire. As to Allstate's motion for summary judgment, the court finds that defendant has failed to support her contention that there are no debatable reasons to deny her claims and has failed to offer evidence of Allstate's actual knowledge of the lack of a debatable reason. As such, summary judgment is due to be granted in Allstate's favor as to defendant's claim of bad faith failure to pay counterclaims. The court, however, finds that there is a material question of fact as to whether defendant caused or procured the fire at issue and whether the defendant made material misrepresentations to Allstate with the intent to deceive. Therefore, the court finds that Allstate's summary judgment motion is

1

due to be **GRANTED IN PART AND DENIED IN PART**.

## FACTS

Plaintiff, Allstate Insurance Company ("Allstate"), filed this action seeking a declaration of its rights with regard to an insurance contract between plaintiff and the insured, Mary Jackson. Mary Jackson owns a home located at 186 Howard Avenue, Lisman, Alabama. From December 19, 2004, to December 19, 2005, the home was insured by Allstate. While the home was covered under the policy, Mary Jackson submitted a claim for wind damage resulting from Hurricane Katrina on August 29, 2005. Mary Jackson also submitted a claim for fire damage to the home which occurred on October 29, 2005. On March 23, 2006, Mary Jackson executed a Proof of Loss form for the wind damage in the amount of $16,361.00 and a Proof of Loss form for the fire damage in the amount of $280,000.00. Plaintiff contends that Mary Jackson caused or procured the fire which destroyed the insured premises and intentionally concealed or misrepresented material facts or circumstances relating to the cause and origin of the fire and the extent of the loss. Plaintiff further contends that Mary Jackson's intentional concealment or misrepresentation of material facts or circumstances relating to the cause or origin of the fire and the extent of the losses violated the provisions of the insurance contract. Defendant Mary Jackson filed counterclaims asserting that Allstate, in bad faith, breached the contract of insurance by failing to pay her claims.

Mary Jackson testified that she only had one prior fire loss, and it was about fifteen years ago. (Jackson Depo. p. 68). According to one of Allstate's adjusters, Mary Jackson has claimed losses from three other fires since the fire fifteen years ago. (Corso Affid. ¶ 3). Mary Jackson was not insured by Allstate at the time of these other fires and has refused to provide

authorization for the insurance adjuster to obtain records from her previous insurer. (Corso Affid. ¶ 4).

A fire occurred in 2001 on property owned by Jackson while it was covered by Auto Owner's Insurance Company. (Plaintiff's Ex. E).  Ms. Jackson submitted a claim for coverage, but upon Auto-Owner's investigation, Ms. Jackson agreed to release her claim and have her policy declared void in exchange for Auto-Owner terminating its claims investigation before Jackson submitting to an examination under oath. (Plaintiff's Ex. E).  Ms. Jackson was apparently not prosecuted for arson and no evidence of the origin or cause of this previous fire has been presented other than the fact that Jackson relinquished her insurance claim.

Allstate offers the expert report of Troy Ammons regarding the cause and origin of the fire at issue in this case. (Plaintiff's Ex. H).   Mr. Ammons is of the opinion that the fire was "incendiary in nature and burned in a manner consistent with an ignitable liquid being poured on the stored items, clothing in the attic, and on parts of the attic access door and stairs." (Ammons report, p. 8).   Ms. Jackson claims there had been electrical problems with the house before the fire. (Jackson Depo. pp. 136-143).  Jackson reports that lights would smoke and would cut off sometimes. (Jackson Depo pp. 136-140).   Ms. Jackson named several electricians she had called to try to have her lights worked on, but reports that she was unable to get someone to come out before the fire. (Jackson Depo. pp. 141-142).

Allstate also discovered facts it asserts indicate that the Hurricane Katrina loss claimed by Mary Jackson is the same loss she had previously claimed resulted from Hurricane Ivan. (Corso. Affid. ¶ 2).  The damage to the roof by Hurricane Ivan is in the same area as the damage alleged to have resulted from Hurricane Katrina. (M. Jackson Depo. p. 119).  Mary Jackson had

claimed her roof was damaged during Hurricane Ivan, and she received payment under the policy to repair the damages. Mary Jackson claims the roof was repaired after Ivan. (M. Jackson Depo. pp. 120, 121). However, Ms. Jackson cannot remember who she hired to repair the roof and she apparently has no record of the repairs because she paid in cash. (M. Jackson Depo. pp. 121, 123). Ms. Jackson's sons who lived at the home stated that they did not remember any damage from Hurricane Ivan and were not aware of any repairs having been made to the roof after Hurricane Ivan. (J. Jackson Depo. p. 10, T. Jackson Depo. p. 7). Ms. Jackson offered the name of a painter who reportedly painted the ceiling after Hurricane Ivan, but could not offer any evidence that the roof had been repaired in any other way.

Allstate presented evidence that Mary Jackson overstated the value of the items she claimed were damaged by the fire. For instance, plaintiff claimed a table and gold framed mirror were worth a total of $750.00, but there was a price tag on the back of the mirror that indicated it had been purchased at the "Dollar General Store" for $10.00, and there was a price tag on the table for $25.00. (Green Affid., Ex. G). An area rug in her bedroom was reported to be "very expensive" and defendant stated she purchased it for $1,500.00 while the hand written price tag on the back of the rug read $119.95. (Id.).

## DISCUSSION

**I. Motion to Strike**

Plaintiff moves to strike the defendant's use of the Lisman Fire Department as a cause and origin expert because defendant never identified any person as an expert for the purpose of providing an opinion as to the cause and origin of the fire. Rule 26(a)(2) requires the disclosure

of the identity of expert witnesses. The rule also requires that the disclosure be accompanied by an expert report, prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). Pursuant to Rule 62(a)(2)(B), the expert report must:

> contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Ibid. Rule 26(a)(2) was added with the 1993 amendments to the Rules. The advisory committee's notes accompanying the 1993 amendments to Rule 26 explain that the purpose of the provision was to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Specifically, paragraph 2 of Rule 26(a)

> imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.

FED. R. CIV. P. 26(a)(2) advisory committee's notes. Pursuant to the scheduling order entered in this case (Doc. 20), the deadline for defendant to make the expert disclosures required by Rule 26(a)(2), including rebuttal evidence, was April 30, 2007. Defendant never informed plaintiff that she intended to use anyone from the Lisman Volunteer Fire Department as an expert witness. Plaintiff received a copy of the Fire Department's "incident report" which is signed by

the officer in charge.[1] (Doc. 27, Ex. 2). The incident report lists the apparent cause as "Electrical (Recess Light)."(Id.). However, the report contains no explanation or basis for its conclusion that the fire was caused by recess lighting. The report also does not indicate the experience or qualifications of the officer or officers who made the determination. Thus, the court finds that to the extent the incident report is offered as expert evidence, it is untimely and does not comply with the Rule 62(a)(2)(B) requirements for expert reports.

The sanctions to be imposed for violations of Rule 26(a) or 26(e) are controlled by Federal Rule of Civil Procedure 37(c). Rule 37 provides in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a), ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

FED. R. CIV. P. 37(c)(1). Rule 37(c)(1) contains a "narrow escape hatch" that allows the court to admit belatedly proffered evidence only if the proponent's failure to reveal it was either substantially justified or harmless. Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 60 (1st Cir. 2001). The non-producing party has the burden of showing that its actions were substantially justified or harmless. Stallworth v. E-Z Serve Convenience Stores, 199 F.R.D. 366, 368 (M.D. Ala. 2001)(citing Burney v. Rheem Mfg. Co., 196 F.R.D. 659, 691 (M.D. Ala. 2000)).

> Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is [a] genuine dispute concerning compliance.

---

[1] Although a signature appears on the document, the court is unable to make out the name of the officer that signed the incident report and the document does not identify in any other way the officer in charge.

Chapple v. State of Alabama, 174 F.R.D. 698, 701 (M.D. Ala. 1997) (quoting Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D. Kan. 1995).   The court has received no response from the defendant regarding plaintiff's motion to strike the expert report.  Thus, the court finds that defendant has clearly not met her burden of showing that the failure to timely and properly disclose was substantially justified.

      The court also finds that defendant has not demonstrated that the failure to disclose was harmless.  The Advisory Committee Note to the 1993 amendment to Rule 37(c) gives examples of "harmless" violations: "e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party ..."  FED. R. CIV. P. 37(c) advisory committee notes,(1993 Amendments).  "This commentary strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." Burney v. Rheem Mfg. Co., Inc., 196 F.R.D. 659, 692 (M.D. Ala. 2000)(citations omitted).  Plaintiff's failure to disclose does not appear to be an inadvertent omission as in the examples of harmless violations listed above.  Although plaintiff was aware of the incident report, the court would not expect plaintiff to depose a person that plaintiff did not intend to utilize as an expert.  Plaintiff might have deposed one or more of the fire department officers for the purpose of discovering factual information, but had no reasons to believe that such witnesses might provide expert opinions on the cause of the fire.[2]  Had plaintiff been provided with an expert report by an officer of the Lisman Volunteer Fire Department or been notified that defendant intended to use an officer as an expert, plaintiff would have certainly deposed the named officer or officers and

---

[2] There is no indication that any Lisman Fire Department officers were in fact deposed.

considered their opinion testimony in the preparation of its case.  Discovery is now closed[3] and jury selection is scheduled to begin on December 4, 2007. (Doc. 20).  The plaintiff would be prejudiced if the court were to allow the defendant to offer expert testimony at this late date which would likely require that discovery be reopened for the purpose of allowing plaintiff to depose the proffered expert.  Such allowances would result in a delay of this litigation.  Moreover, the court recognizes that "merely having to depose a party on information that should have been disclosed in a Rule 26 Report is a form of prejudice." McClain v. Metabolife International, Inc., 193 F.Supp.2d 1252, 1259 (N.D. Ala. 2002).   Therefore the court finds that defendant may not use the incident report of the Lisman Volunteer Fire Department for the purpose of providing expert opinion regarding the cause and origin of the fire.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).   "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations

---

[3] All discovery was to be completed before June 1, 2007. (Doc. 20).

omitted).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**III. Defendant's Counterclaims**

Ms. Jackson asserts four counts in her counterclaim: 1) that Allstate breached the contract of insurance by failing to pay her claim for hurricane damage, 2) that Allstate refused to pay her hurricane claim in bad faith, 3) that Allstate breached the contract of insurance by failing to pay her claim for fire damage, and 4) that Allstate refused to pay her claim for fire damage in bad faith. (Doc. 13).

The Alabama Supreme Court has established that the plaintiff has the burden of proving a prima facie case for the tort of bad faith refusal to pay an insurance claim. Nat'l Sav. Life Ins. Co. v. Dutton, 419 So. 2d 1357, 1361 (Ala. 1982). "Normal bad faith claims are often referred to as directed verdict on the contract claim[s], ... because a plaintiff must show that he is entitled to a directed verdict on the breach of contract claim in order to have his bad faith claim submitted to a jury." Mut. Serv. Cas. Ins. Co. v. Henderson, 368 F.3d 1309, 1314 (11th Cir. 2004) (internal quotations omitted) (citing Employees' Benefit Assoc. v. Grissett, 732 So.2d 968, 976 (Ala. 1998)); Blackburn v. Fid. & Deposit Co. of Md., 667 So.2d 661, 668 (Ala. 1995); Nat'l Sav. Life Ins. Co. v. Dutton, 419 So.2d 1357, 1362 (Ala. 1982)). "[A]n insurer is liable for its refusal to pay a direct claim when there is no lawful basis for the refusal coupled with actual knowledge of that fact." Nat'l Sav. Life Ins. Co. v. Dutton, 419 So.2d at 1361, citing Chavers v. National Security Fire Ins. Co., 405 So.2d 1 (Ala. 1981). To show that no lawful basis exists requires evidence that "the insurer lacks a legitimate or arguable reason for failing to pay the claim." Gulf Atlantic Life Ins. Co. v. Barnes, 405 So.2d 916, 924 (Ala. 1981). When a claim is "fairly debatable," the insurer is entitled to debate it, whether the debate concerns a matter of fact or law. National Sec. Fire & Cas. Co. v. Bowen, 417 So.2d 179, 183 (Ala. 1982) (citing Gulf Atlantic supra). The "debatable reason" means an arguable reason, one that is open to dispute or

question. Id. (citations omitted).

In the instant case, Allstate's investigation uncovered facts that indicated that Ms. Jackson may have caused or procured the fire. Allstate sent several adjusters to investigate the claim and hired an expert to determine the cause of the fire. Allstate's expert reports that the fire was incendiary in nature and burned in a manner consistent with the use of an ignitable liquid. Ms. Jackson and her family members were the only persons who had access to the home and there was no evidence of forced entry. Ms. Jackson offers no admissible evidence in opposition to the expert's findings of the cause and origin of the fire. Clearly, Jackson's mere assertion that she did not cause the fire is not sufficient to show that Allstate lacked a debatable or arguable reason to question Ms. Jackson's claim.

Allstate also presented evidence indicating that the Hurricane Katrina loss claimed by Mary Jackson is the same loss she had previously claimed resulted from Hurricane Ivan and for which she had already been paid. The damage to the roof by Hurricane Ivan is in the same area as the damage alleged to have resulted from Hurricane Katrina. Mary Jackson claims the roof was repaired after Ivan. However, Ms. Jackson cannot remember who she hired to repair the roof and has no evidence to support her allegation that the roof had been repaired. Conversely, Ms. Jackson's sons who lived at the home report that they were not aware of any repairs having been made to the roof after Hurricane Ivan.

Additionally, Allstate has proffered evidence that Ms. Jackson overstated the amount of her losses and has misrepresented other facts related to her claim. Ms. Jackson has failed to support her contention that there are no debatable reasons to deny her claims and has failed to offer evidence of Allstate's actual knowledge of the lack of a debatable reason. Therefore, the court finds that summary judgment is due to be granted in favor of Allstate as to Jackson's counterclaims asserting bad faith failure to pay.

As to Ms. Jackson's counterclaims asserting breach of contract, such claims are essentially the converse of Allstate's claims asserted in the complaint. Therefore, Jackson's

breach of contract counterclaims will be addressed below.

### IV. Plaintiff's Complaint for declaratory judgment

A party to a contract can establish a claim for breach of contract by showing "(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." State Farm Fire & Cas. Co. v. Slade, 747 So.2d 293, 303 (Ala. 1999)(citing S. Med. Health Sys., Inc. v. Vaughn, 669 So.2d 98, 99 (Ala. 1995)(citations omitted)). Here, there is no dispute that a valid contract existed between the plaintiff and defendant; however, there can be no nonperformance if there is no coverage under the policy for the loss at issue. See, e.g., Mueller v. Hartford Ins. Co. of Alabama, 475 So.2d 554 (Ala. 1985).

Allstate first asserts that it is not required to pay Jackson's fire claim because a preponderance of the evidence clearly establishes the defense of arson. Arson by an insured is an absolute defense to an action upon the policy, even in the absence of language in the policy so providing. Hosey v. Seibels Bruce Group, South Carolina Ins. Co., 363 So.2d 751 (Ala. 1978). Allstate correctly asserts that a prima facie case of arson can be shown by evidence indicating: "(1) arson by someone; (2) motive by the insured; and (3) unexplained surrounding circumstantial evidence implicating the insured." Day v. Alfa Mut. Ins. Co., 659 So.2d 32, 34 (Ala. 1995) (citation and internal quotations omitted). Evidence as to each element may be sufficient to deny motions by the insured for JNOV or to deny a claim of bad faith failure to pay as in the cases cited by Allstate. However, on summary judgment, the court must view the facts in the light most favorable to the non-movant. A mere preponderance of the evidence is not sufficient to establish that Allstate is entitled to judgment as a matter of law. The fact that Allstate has produced evidence raising an inference that the insured willfully burned the property covered by the policy simply means there is sufficient evidence for the issue to go to the jury. See Great Southwest Fire Ins. Co. v. Stone, 402 So.2d 899 (Ala. 1981) (reversing directed

verdict and finding that viewing evidence in light most favorable to non-movant there is a reasonable inference that insured willfully burned the property covered by the policy); see also American Economy Ins. Co. v. Rutledge, 2006 WL 2827245, *2 (M.D.Ala. Oct. 2, 2006) (finding that the insured's conviction for arson was inadmissable as substantive evidence because an appeal of the conviction was pending and concluding that "the presence in the record of conflicting testimony precludes summary judgment"). Summary judgment is precluded if there is a question of fact as to any of the elements of Allstate's arson claim. See East Park, Inc. v. Federal Ins. Co., 794 F.2d 616 (11th Cir. 1986). Allstate has offered sufficient evidence as to each prong of a prima facie defense of arson for a reasonable jury to find by a preponderance of the evidence that Ms. Jackson intentionally caused or procured the fire in question. However, Ms. Jackson has continued to deny any responsibility for the fire and the court does not find the evidence to be so overwhelming that Allstate is entitled to judgment as a matter of law on the basis of arson.

Allstate also contends that misrepresentations made by Jackson void the homeowner's insurance policy and relieve Allstate of its duty to pay the claims. The instant policy contains the following provision:

> **Concealment Or Fraud**
> This policy is void if it was obtained by misrepresentation, fraud or concealment of material facts. If it is determined that this policy is void, all premiums paid will be returned to **you** since there has been no coverage under this policy.
>
> **We** do not cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance.

(Insurance Policy, Plaintiff's Ex. A) (emphasis in original). To void a policy, the insured's misrepresentation after a loss must be "made with the actual intent to deceive and be related to a matter which is material."[4] American Fire & Cas. Co., Inc. v. Archie, 409 So.2d 854, 856

---

[4] Conversely, a misrepresentation made before loss "must be material to an increase in the risk of loss and must be relied on by the insurer to its prejudice." Amer. Fire & Cas, 409 So.2d at 856 (citations omitted).

(Ala.Civ.App. 1981) (citations omitted).   Proof of loss misrepresentations are specifically referred to in Alabama Code § 27-14-28, which provides:

> No misrepresentation in any proof of loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured's rights under the policy.

Ibid.  However, "a slight exaggeration of the amount of the value of the property destroyed will not defeat the claim entirely." Hartford Fire Ins. Co. v. Clark,  258 Ala. 141, 151, 61 So.2d 19, 27 (Ala. 1952). "To bar recovery, the overvaluation must be so extravagant as to lead to the conclusion that it was due not to a mistake in judgment but to an intention to defraud. Id. (citations omitted).  Even the insured's inclusion of items on the proof of loss that had been moved from the property prior to the fire will not void the policy if the insured honestly believed the proof of loss was accurate. National Union Fire Ins. Co. v. Schwab, 241 Ala. 657, 4 So.2d 128 (Ala. 1941) (finding that jury could infer that elderly, partly blind man who relied on his secretary did not intend to deceive the insurer when he claimed losses for items that had been moved from the property prior to fire).

Ms. Jackson contends that she complied with every request made by Allstate during the investigation of her claim including: "submitting to an examination under oath (exhibit 1), gathering receipts to establish value of items lost in the fire (exhibit 4), cooperating with at least five different Allstate adjusters, continuing to keep paying premiums on the insurance policy that remain current at present, and by continuing to pay the monthly note on a home through her Chapter 13 plan." (Doc. 28, p. 3).  Jackson further professes that she has not claimed any property that was not destroyed or damaged and has not attempted to deceive Allstate in any manner as to the extent of her loss.  (Jackson Depo. p. 134-135).  The court finds that although the Proof of Loss and some of Ms. Jackson's statements to Allstate were not completely accurate, viewing the facts in the light most favorable to the non-movant,  the materiality of those statements and whether Jackson intended to deceive Allstate remains a genuine issue of fact.

## CONCLUSION

For the reasons stated above, the court orders the following:

1. The motion of Allstate Insurance Company to strike (Doc. 29) is **GRANTED** and the Lisman Fire Department's report is hereby **STRICKEN** to the extent it is offered as an expert opinion regarding the cause and origin of the fire.

2. The motion of Allstate Insurance Company for summary judgment (Doc. 24), is **GRANTED IN PART AND DENIED IN PART**.  Summary judgment is hereby **GRANTED** in favor of Allstate as to defendant's counterclaims asserting bad faith failure to pay (Counterclaim Counts II & IV).  Allstate's summary judgment motion (Doc. 24) is **DENIED** as to defendant's breach of contract counterclaims and as to plaintiff's claims for declaratory judgment.

   **DONE and ORDERED** this 5th day of November, 2007

                                              /s/ Callie V. S. Granade
                                              CHIEF UNITED STATES DISTRICT JUDGE